UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VICKIE W.,

                Plaintiff,                **DECISION AND ORDER**

     v.

                                     6:23-cv-06322-UNA

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## BACKGROUND

Plaintiff Vickie W. brought this action pursuant to Title II of the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB"). (Dkt. 1).

On August 7, 2023, Plaintiff's counsel filed a motion to substitute party requesting that this Court substitute Plaintiff's spouse because of Plaintiff's death. (Dkt. 5). Plaintiff also requested a stay of her briefing deadline until after the resolution of her motion to substitute party. (*Id.*). Defendant does not object to the proposed substitution. (Dkt. 8).

## DISCUSSION

Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution of a party for a deceased party if: (1) the claim of a deceased party survives that party's death; (2) the individual seeking to be substituted is a "proper party"; and (3) the motion for substitution is made within "90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a).

- 1 -

1) <u>Survival of Plaintiff's Claims</u>

The Act expressly provides that if an individual dies before receiving a Title II underpayment of benefits to which she is entitled, such benefits will be distributed according to a statutorily established priority. 42 U.S.C. § 404(d); *see also Perlow v. Comm'r of Soc. Sec.*, No. 10-cv-1661 (SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) ("The Social Security Act expressly provides for Plaintiff's Social Security benefits to be paid to his survivors in the event he dies before collecting his underpayments.") (internal citation omitted). Under certain circumstances, such benefits can be made to the surviving spouse of the deceased individual. 42 U.S.C. § 404(d)(1). Here, Plaintiff is survived by her husband. (Dkt. 5-1 at ¶ 1). Therefore, Plaintiff's Title II claim survives her death.

2) <u>Timeliness of Motion to Substitute</u>

As to the timeliness of Plaintiff's motion, the Federal Rules of Civil Procedure provide that the motion for substitution may be made within 90 days of "service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). Here, the Court was first notified of Plaintiff's death when Plaintiff's counsel filed a suggestion of death form on July 28, 2023. (Dkt. 4). The instant application was filed on August 7, 2023, and therefore it was timely filed.

3) <u>Proper Party for Substitution</u>

"A 'proper party' for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'" *Perlow*, 2010 WL 4699871, at *2 (citing *Garcia v. City of New York*, No. CV 08-2152(RRM)(MDG), 2009 WL 261365, at *1

(E.D.N.Y. Feb. 4, 2009)).  Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent.  *Garcia*, 2009 WL 261365, at *1 ("Whether a person is a proper 'successor or representative' of the decedent is determined by New York law.").  A "representative is a person who has received letters to administer the estate of a decedent." N.Y. E.P.T.L. § 1-2.13.  "A 'successor' of the deceased party is a 'distributee' of the decedent's estate if the estate has been distributed at the time the motion for substitution is made."  *Garcia*, 2009 WL 261365, at *1 (internal citations omitted).

"Courts generally reserve judgment as to whether the movant is a proper party for substitution when he or she fails to establish that he or she is the deceased party's 'representative' or a 'successor.'" *Scialdone v. Berryhill*, No. 16-CV-6433-FPG, 2017 WL 2835252, at *2 (W.D.N.Y. June 30, 2017) (internal citations omitted).  However, "where the plaintiff die[s] destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute." *Herrera-Castro v. Trabajamos Cmty. Head Start, Inc.,* 15 Civ. 9286, 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) (internal citations omitted); *see also Perlow,* 2010 WL 4699871, at *2 ("when a plaintiff dies destitute, and his widow is not appointed the representative of his estate, the estate need not be distributed before his widow can serve as his substitute, as there is nothing to distribute"); *Roe v. City of New York,* No. 00 Civ.9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (plaintiff's parents were properly substituted as his distributees when plaintiff died intestate, did not have a

wife or children, when his personal belongings were dispersed among his parents and siblings, and no appointment of an executor or administrator of his estate was made by any court).

Here, Plaintiff's spouse affirmed that he had been married to Plaintiff prior to her death and he has provided a copy of their marriage certificate in support of his motion to substitute. (Dkt. 5-1 at ¶ 1; Dkt. 5-2). He affirmed that his wife did not have a will at the time of her death. (Dkt. 5-1 at ¶ 3). Pursuant to section 4-1.1 of the New York Estates, Powers and Trusts Law, which governs distribution of a decedent's property not disposed of by will, Plaintiff's spouse may qualify as a "distributee" of plaintiff's estate. N.Y. E.P.T.L § 4-1.1 (a)(1) (McKinney). Plaintiff's spouse also affirmed that Plaintiff did not have an estate that was probated, or any assets to be distributed upon her death. (Dkt. 5-1 at ¶ 3). Accordingly, the Court is satisfied that Plaintiff's spouse is a proper party for substitution within the meaning of Rule 25(a), and should be substituted as Plaintiff in this action as her "successor." *See Herrera-Castro*, 2017 WL 549584, at *1 (motion to substitute was granted because plaintiff's sister, as plaintiff's next-of-kin, would qualify as a distributee of the plaintiff's estate and because she demonstrated that plaintiff died destitute); *see also Hill v. Comm'r of Soc. Sec.*, No. 21-12162, 2022 WL 17085915, at *2 (E.D. Mich. Nov. 17, 2022) ("[W]here a claimant has died intestate and without a formally administered estate, the [court] has permitted the substitution of surviving kin enumerated in section 404.503(b) as real parties in interest for the purposes of proceedings on appeal and further administrative action on a benefit claim." (citations omitted)).

The Act expressly provides for payment to survivors or heirs when the eligible person dies before any past-due benefit is completed pursuant to a specified order of priority. *See* 42 U.S.C. § 404(d); 20 C.F.R. § 404.503(b). Here, Plaintiff died intestate and left no assets at the time of her death. (Dkt. 5-1 at ¶ 3). Plaintiff was survived by her spouse, who may be eligible to receive Plaintiff's past-due benefits, if any, as her distributee. 42 U.S.C. § 404(d)(1); *see also* N.Y. E.P.T.L. § 4-1.1(a)(3).[1] Accordingly, the Court is satisfied that Plaintiff's spouse is a proper party for substitution to represent Plaintiff's claim.

4) Motion to Stay

On August 17, 2023, the Court issued a Text Order staying the parties' briefing deadlines until after the resolution of Plaintiff's motion to substitute party. (Dkt. 6). Now, having resolved the motion, the Court lifts the stay of the parties' briefing deadlines. Plaintiff's brief is due within 60 days from the date of this Decision and Order.

## CONCLUSION

Accordingly, Plaintiff's motion for substitution (Dkt. 5) is granted. The Clerk of Court is instructed to amend the case caption and lift the stay.

---

[1] Plaintiff did not have any children, but was also survived by her father, whose order of priority follows that of her spouse. N.Y. E.P.T.L. § 4-1.1(a)(4). (Dkt. 5-1 at ¶ 4).

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: November 20, 2023
Rochester, New York